UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER MARLON VANZILE,

                    Plaintiff,

          v.                                        Case No. 25-cv-1201-bhl

EMILY TAUNTON,
THOMAS VANZILE, and
AMANDA HERMAN,

                    Defendants.

## SCREENING ORDER

        Plaintiff Christopher Marlon VanZile, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was confined at the Forest County Jail. On January 12, 2026, the Court screened the complaint and after concluding it failed to state a claim, gave VanZile the opportunity to file an amended complaint, which he did on January 16, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

        The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

According to VanZile, on November 30, 2025, another inmate pulled down his pants and, after an altercation ensued, threatened to rape him. VanZile asserts that he reported the incident, and Correctional Officer Emily Tauton had VanZile moved to a different cell for the night. The next morning, the inmate was moved to a different unit and VanZile was returned to his original cell.

VanZile asserts that he suffered anxiety, depression, and stress because of the attack, and he sought to call the Prison Rape Elimination Act (PREA) hotline, but he was told that the jail does not have a PREA hotline. VanZile explains that he eventually contacted Jail Commissioner Amanda Herman about making a PREA complaint, but she only told him to submit a request. VanZile asserts that he was able to speak to a jail psychologist, but he wanted to report the assault to the PREA hotline.

### THE COURT'S ANALYSIS

As explained in the original screening order, "[t]o state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). VanZile does not state a claim against correctional officers based on their failure to prevent the assault because nothing in the amended complaint suggests that the officers knew before the assault happened that the other inmate posed a substantial risk of harm to VanZile. VanZile also makes clear that officers took adequate measures to guard against future assaults by placing him and the other inmate in different units. Finally, VanZile explains that he was given the opportunity to speak with a jail psychologist after the attack, from which the Court can reasonably infer that jail officials acted reasonably to address any harm that VanZile may have suffered.

VanZile also does not state a claim based on allegations that he was unable to contact the PREA hotline to report the assault. The "PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements." *Gould v. Doe*, No. 20-CV-1250-PP, 2021 WL 3056249, at *3 (E.D. Wis. July 20, 2021) (quoting *Summers v. Waggoner*, No. 3:19-CV-

01338-SMY, 2020 WL 6321488, at *3 (S.D. Ill. Oct. 28, 2020), and citing other cases).  VanZile therefore fails to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 21st day of January, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.